**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*ELECTRONICALLY FILED*

| | |
|---|---|
| **TYLER S. WOLFF** | ) |
| | ) |
| **PLAINTIFF**, | ) |
| | ) |
| v. | ) |
| | ) |
| **GAMESTOP CORP.** | ) |
| | ) |
| **DEFENDANT**. | ) **Case No.** 3:26-CV-223-RGJ |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**NOTICE OF REMOVAL**

Defendant GameStop Corp. ("GameStop"), by counsel, respectfully notifies this Court of the removal of the above-styled cause of action from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows:

**I.**

This action is being removed to federal court based upon diversity jurisdiction under 28 U.S.C. §1332.

**II.**

On or about February 13, 2026, Tyler S. Wolff ("Plaintiff") filed in state court the above-entitled civil action, bearing Case No. 26-CI-01316 in the records and files of that Court. GameStop was not and has not been properly served in this action and only became aware of this matter on March 10, 2026, through a summons from the Kentucky Secretary of State that was

improperly mailed to GameStop's corporate headquarters, rather than being properly served on GameStop's registered agent or another person authorized to accept service of process on behalf of GameStop.[1] GameStop did not, and does not hereby, waive service. A true copy of all pleadings from the state court action are attached hereto as **Exhibit 1**.

### III.

The aforesaid state court action is a suit of a wholly civil nature of which the United States District Court for the Western District of Kentucky, Louisville Division, has original jurisdiction under 28 U.S.C. §1332 and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441.

### IV.

Without waiving the aforementioned arguments that proper service was not effectuated, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the citizenship of the parties is completely diverse and the amount in controversy exceeds the jurisdictional requirement.

### V.

Without waiving the aforementioned arguments that proper service has not been effectuated, this Court has subject matter jurisdiction over this matter because this is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff is a citizen of Kentucky. (Civil Summons.) GameStop is a citizen of Delaware, its state of incorporation, and Texas, where it maintains its principal place of business. Therefore, complete diversity exists between the parties.

In terms of the amount in controversy, Plaintiff's Civil Settlement Demand allegedly seeks $33,000,000.00 in damages. (Civil Settlement Demand).

---

[1] Plaintiff did not file a complaint in violation of CR 3.01 and FRCP 3.

As a result, GameStop has shown that the amount in controversy requirement is satisfied based on Plaintiff's filing. That is, although GameStop denies that Plaintiff is entitled to any remedy herein and expressly denies the existence of any violation of Plaintiff's rights, much less the remedy sought in the Civil Settlement Demand, a fair reading of the Civil Settlement Demand shows that the amounts sought by Plaintiff exceed the statutory minimum of $75,000.00.

**VI.**

This action is therefore one over which the United States District Court for the Western District of Kentucky, Louisville Division, has original diversity jurisdiction under 28 U.S.C. §1332. Thus, this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §1441.

Furthermore, Jefferson County, Kentucky is within the venue of the Louisville Division of the United States District Court for the Western District of Kentucky.

**VII.**

GameStop has not been properly served with a complaint. However, in the interest of resolving this claim in an expeditious manner, this petition is being timely filed pursuant to 28 U.S.C. §1446, which requires removal no later than thirty (30) days from the date of service of the complaint.  GameStop is removing within 30 days of first learning of the action.

**VIII.**

Therefore, GameStop files this Notice of Removal of this action from the Jefferson Circuit Court, in which it is now pending, to the United States District Court for the Western District of Kentucky, Louisville Division.

**IX.**

Pursuant to 28 U.S.C. § 1446(d), GameStop has provided written notice of the removal of this action to Plaintiff and has filed a copy of this Notice with the Clerk of the Jefferson Circuit Court, Jefferson County, Kentucky. Attached to this notice, marked as **Exhibit 2** and incorporated

by reference, is a true and correct copy of the Notice of Filing of Notice of Removal that will be filed (without exhibits) with the Jefferson Circuit Court.

WHEREFORE, GameStop notifies this Court of the removal of this action from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted,

/s/ Christopher E. Schaefer
Christopher E. Schaefer
Trevor C. Warren
STOLL KEENON OGDEN PLLC
400 W. Market Street, Ste. 2700
Louisville, KY 40202
Tel:    (502) 333-6000
Fax:    (502) 333-6099
E-mail: christopher.schaefer@skofirm.com
E-mail: Trevor.Warren@skofirm.com

*Counsel for Defendant GameStop Corp.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing *NOTICE OF REMOVAL* has been served by regular U.S. Mail, this 30th day of March 2026, upon:

Tyler S. Wolff
2121 W. Gaulbert Ave.
Louisville, KY 40210
*Pro Se Plaintiff*

/s/ Christopher E. Schaefer
*Counsel for GameStop Corp.*

4