UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYLER S. WOLFF Plaintiff

v. Civil Action No. 3:26-cv-223-RGJ

GAMESTOP CORP. Defendant

* * * * *

**MEMORANDUM OPINION AND ORDER**

Defendant GameStop Corp. ("GameStop") moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). [DE 6, Def.'s Mot. Dismiss]. *Pro Se* Plaintiff Tyler S. Wolff ("Wolff") failed to respond, and the time for doing so has passed.[1] This matter is ripe. For the reasons below, GameStop's motion to dismiss is GRANTED and this action is DISMISSED.

## I. BACKGROUND

On February 13, 2026, Wolff, acting *pro se*, filed this action in Jefferson Circuit Court against GameStop. [DE 1, Def.'s Notice of Removal, at 8-9]. The action consisted of a one-page document titled "Civil Settlement Demand" ("Demand"), alleging violations of his "Rights of Publicity" in connection with GameStop's use of the social media website X.com and interaction with Wolff's X.com account "@greg16676935420." [*Id.* at 8-9].

On March 10, 2026, GameStop received summons by mail from the Kentucky Secretary of State alerting GameStop to the existence of this action. [*Id.* at 1-2]. On March 30, 2026, GameStop removed this action to this Court based on diversity subject matter jurisdiction without waiving service. [*Id.*]. GameStop then moved to dismiss, arguing that: (1) the action was never

[1] As required by Local Rule of Civil Practice 7.1(c), "a party opposing a motion must file a response within 21 days of service of the motion." LR 7.1(c). Here, Wolff did not respond within this time period or otherwise.

properly commenced in state court, (2) Wolff failed to properly effectuate service of process, and (3) Wolff's Demand fails to state a claim upon which relief may be granted. [DE 6 at 24-27].

After removal, Wolff was mailed the case documents by the Clerk of Court of this Court on March 30, 2026. GameStop also certifies that it sent Wolff the Notice of Removal and Motion to Dismiss via regular U.S. Mail on March 30 and April 3 respectively. [DE 1 at 12; DE 6 at 28]. Despite this notice, Wolff has failed to make any appearance. Wolff has failed to respond to GameStop's Motion to Dismiss within 21 days of service, as required by Local Rule of Civil Practice 7.1(c), or at all after that deadline. LR 7.1(c).

## II. JURISDICTION

As a preliminary matter, for the Court to consider GameStop's motion, removal must be proper so that this Court has subject matter jurisdiction over the action. A defendant may remove a state court civil action to the federal district court geographically encompassing the state court where the action is pending if the district court would have had subject matter jurisdiction over the case had it originally been filed in federal court. 28 U.S.C. § 1441. If the district court determines that it lacks subject matter jurisdiction, it must remand the case to state court. 28 U.S.C. § 1447(c). The party seeking removal bears the burden to demonstrate that the federal court has jurisdiction. See *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

One way a district court may have subject matter jurisdiction is through diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction requires that each plaintiff must be a citizen of a different state than each defendant and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, there is complete diversity: Wolff is a citizen of Kentucky and GameStop is a citizen of Texas and Delaware. [DE 1 at 2, 9]. The amount in controversy is also greater than $75,000, as

Wolff's Demand seeks $33,000,000 for GameStop's violation of his rights. [DE 1 at 9]. Because there is complete diversity and an amount in controversy greater than $75,000, this Court has jurisdiction over the action.

## III. STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides that the Court may dismiss an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "In considering a motion to dismiss, pursuant to Rule 12(b)(5), [the] Court must accept as true all well pleaded allegations of the complaint, although reference to the record is permissible to determine the alleged insufficiency of service of process." *Paluso v. Perdue*, No. 5:17-CV-00169-TBR, 2019 WL 2479658, at *4 (W.D. Ky. June 12, 2019) (quoting *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio, 1982)). In cases that are removed from state court, "[f]ailure to comply with state service-of-process rules can result in the dismissal of removed cases." *Smith v. Parks*, No. CIV.A. 5:14-260-KKC, 2015 WL 770337, at *1 (E.D. Ky. Feb. 23, 2015) (citing *Bates v. Harp*, 573 F.2d 930, 933–34 (6th Cir. 1978)). "In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 (2d ed. 1987).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

Because a motion to dismiss challenges the sufficiency of the pleadings, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, to determine whether the plaintiff set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In deciding a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co*., 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. DISCUSSION

A. <u>Effect of Wolff's Failure to Respond to GameStop's Motion to Dismiss</u>.

The Court first considers the effect of Wolff's failure to respond to GameStop's Motion to Dismiss. Joint Local Rule of Civil Practice 7.1 provides that "[f]ailure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c). Further, a party may waive opposition to a motion to dismiss by "virtue of his failure to oppose [it]." *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); see also *Williams v. PBI Bank*, No. 3:13-cv-1166-DJH-CHL, 2017 WL 6940699, at *1, (W.D. Ky. Feb. 28, 2017) ("Failure to respond to a dispositive motion will be grounds for granting the motion.") (citations omitted).

It is well settled law that a plaintiff waives a claim by failing to respond to or refute arguments made by the defendant in a motion to dismiss and "the Court assumes he concedes this point and abandons the claim." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010); *see also Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x. 567 (6th Cir. 2013) (recognizing that the plaintiff had waived claim by failing to respond to or refute

arguments made by the defendants in the district court); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 F. App'x. 409, 412 (6th Cir. 2013) (same); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)) (internal quotation marks omitted); *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021); *PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (dismissing claims that the plaintiffs failed to respond to in opposition to motion to dismiss, noting that "[a] plaintiff abandons undefended claims.").

As discussed above, Wolff has failed to respond to GameStop's Motion to Dismiss, timely or otherwise, or to make an appearance despite having received notice from both the Clerk of Court and GameStop. [DE 1 at 12; DE 6 at 28]. Accordingly, the Court could find that the Wolff has waived his claim by failing to respond to GameStop's arguments in its Motion to Dismiss. However, even if not waived, as discussed below, the Court would find that Wolff's action should be dismissed for failure to properly effectuate service of process and for failure to state a claim.

B. <u>Whether Wolff failed to commence an action in state court</u>.

GameStop first argues that Wolff's Demand document is insufficient to commence a civil action because it does not constitute a complaint under the Kentucky Rules of Civil Procedure. [DE 6 at 24-25]. Because a civil action was not properly commenced, GameStop argues that the Court should dismiss the case under Rule 12(b)(6). [*Id.*].

Questions regarding the commencement of an action initially filed in state court and removed to federal court are answered by state law. *See Hall v. State Farm Mut. Auto. Ins. Co.*, 215 F.App'x 423, 425 (6th Cir. 2007) (holding that state law determines when a civil suit removed to federal court commenced). GameStop principally points to Kentucky Rules of Civil Procedure 3.01 and 7.01. Rule 3.01 states that "[a] civil action is commenced by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." Ky. R. Civ. P. 3.01. Rule 7.01 states that "there shall be a complaint and an answer . . . . No other pleading shall be allowed[.]" Ky. R. Civ. P. 7.01. Rule 7.01, GameStop argues, "defines the universe of permissible pleadings and does not include settlement demands." [DE 6 at 24-25]. Therefore, GameStop concludes, "settlement demands . . . do not . . . satisfy the basic requirements of [Rule] 3[.]" [*Id.* at 25].

"Kentucky courts still require *pro se* litigants to follow the Kentucky Rules of Civil Procedure," yet Kentucky courts have also stressed the "duty incumbent on trial courts to 'liberally construe *pro se* pleadings to extract the [*pro se* litigant]'s intent and bring about a full adjudication of the relevant issues.'" *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009); *Adkins v. Wrightway Readymix, LLC*, 499 S.W.3d 286, 289 (Ky. App. 2016) (citing *Taylor v. Commonwealth*, 354 S.W.3d 592, 594 (Ky. App. 2011)). Indeed, Kentucky courts have construed documents filed by *pro se* parties under different titles as sufficient to initiate a civil action. *See, e.g.*, *Miniard v. Fayette Cnty. Conservation Dist.*, No. 2023-CA-1345-MR, 2024 WL 3836610 (Ky. Ct. App. Aug. 16, 2024) (construing a document titled "Injunctive Relief Order/Discovery of Documents" as a pleading sufficient to initiate an action).

Here, the Court interprets Wolff's intent with his Demand was to initiate a civil action. While the document seems to be directed toward an out-of-court resolution of the dispute, it

nonetheless refers to "usage of image and likeness claims" and a "violation of [Wolff's] Rights of Publicity," both of which appear to arise out of GameStop's use of "the imagery of @greg16676935420 to advertise and promote on X.com." [DE 1 at 9]. These statements, taken together, describe the basic elements of a civil action. Furthermore, Wolff did not simply mail his Demand to GameStop but filed it with the Jefferson Circuit Court, paid that court's filing fee, and filled out a "Civil Case Cover Sheet," indicating GameStop as the defendant and "Rights of Publicity" as the nature of the case. [DE 1 at 8]. Wolff's statements and actions thus communicate an intent by Wolff to initiate a civil action. While this is a close call, the Court construes Wolff's Demand document as a complaint; accordingly, his filing of the document was sufficient to commence a civil action under Kentucky law. Whether such statements are sufficient to state a claim upon which relief may be granted is a separate matter which is discussed below.

C. Whether Wolff properly effectuated service of process.

Next, GameStop contends that Wolff failed to properly effectuate service of process. [DE 6 at 25-26]. Because Wolff attempted service of process while this action was pending in Kentucky state court, this Court will determine the validity of his attempt by applying Kentucky law. *See* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 (2d ed. 1987). Kentucky Rule of Civil Procedure 4.04(5) provides that "[s]ervice shall be made upon a corporation by serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf." Ky. R. Civ. P. 4.04(5).

In this case, Wolff had the Summons and Demand mailed by the Kentucky Secretary of State to GameStop at its general corporate headquarters address. [DE 1 at 1-2; DE 6 at 20-21]. Neither an officer nor authorized agent of GameStop was served. [DE 6 at 25-26]. Accordingly,

Wolff's attempted service of process failed to comply with Kentucky law and service was not properly effectuated.

D. Whether Wolff's Demand states a claim.

Finally, the Court addresses whether Wolff's Demand contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this analysis, courts are to hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Wolff's Demand only briefly discusses possible civil claims against GameStop. Wolff refers generally to a "violation of Rights of Publicity," which seems to arise out of GameStop's X.com accounts' use of "the imagery of @greg16676935420 to advertise and promote on X.com." [DE 1 at 9]. The rest of the Demand focuses on the terms of a possible settlement between Wolff and GameStop. [*Id.*].

Wolff's Demand, even if construed as a complaint as discussed *supra*, fails to sufficiently state a claim upon which relief may be granted. Wolff's Demand contains virtually no factual assertions outside of a conclusory statement that Wolff's Rights of Publicity have been violated. Wolff fails to allege any specific actions by GameStop which could plausibly constitute a violation of his rights or even to identify a particular incident out of which this action arises. Even accepting any factual assertions in the Demand as true and even applying the "less stringent standards" according to which *pro se* pleadings are held, the Demand fails to state a claim upon which relief may be granted. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## V. CONCLUSION

Having considered the parties' filings and the applicable law, and being otherwise sufficiently advised,

IT IS ORDERED that GameStop's Motion to Dismiss is GRANTED. The Court finds that Wolff did not properly effectuate service and that Wolff's Demand failed to state a claim upon which relief may be granted. Therefore, this action is DISMISSED.

Rebecca Grady Jennings, District Judge
United States District Court

September 3, 2026